**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, | )<br>)<br>) |
| Plaintiff, | ) CASE NO.: 18-CV-7742<br>) |
| vs. | ) JUDGE:<br>) |
| ALL AMERICAN STEEL, INC., an Illinois Corporation; and CLEOFAS J. RODRIGUEZ, an individual, | ) MAGISTRATE JUDGE:<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT**

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants, ALL AMERICAN STEEL, INC. and CLEOFAS J. RODRIGUEZ, and alleges as follows:

**JURISDICTION AND VENUE**

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Count II of this action arises under the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.*) ("IWPACA") and involves a knowing violation of the IWPACA's wage payment provisions. The Court has supplemental jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND ("Pension Fund"), the Structural Iron Workers Local No. 1 Welfare Fund, the Structural Iron Workers Local No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively, the "Trust Funds") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Union") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

5. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements").

6. The Pension Fund is required to receive, hold, and manage all monies required to be contributed to the Trust Funds and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the Trust Funds and Union required under the Principal Agreement.

7. Pursuant to 29 U.S.C. §1132(a)(3), the Pension Fund is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions and wages.

8. The Union is the bargaining representative of ALL AMERICAN STEEL, INC.'s ("AASI")

bargaining unit employees.

9. The Defendant AASI is an Illinois Corporation with its principal place of business located in Northlake, Illinois.

10. CLEOFAS J. RODRIGUEZ ("Rodriguez") is an individual with his principal residence in Northlake, Illinois.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

11. Plaintiff re-alleges and incorporate the allegations contained in paragraphs 1-10 of this Complaint with the same force and effect as if fully set forth herein.

12. AASI is an employer engaged in an industry affecting commerce that entered into a Compliance Agreement whereby it agreed to be bound by the provisions of the Principal Agreement for all times relevant to this action. (A copy of the Principal Agreement is attached as **Exhibit 1)**; (A copy of the Compliance Agreement is attached as **Exhibit 2**).

13. Through the agreements referred to in paragraph 12, the Defendant AASI also became bound by the provisions of the Trust Agreements.

14. Pursuant to the provisions of the Principal Agreement and Trust Agreements, AASI is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rate.

15. The monthly reports and contributions during all times relevant were due on or before the fifteenth (15th) day of the calendar month following the calendar month during which the work was performed.

16. Pursuant to Section 502(g)(2) of ERISA, the CBA and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages at a rate of twenty

percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

17. Pursuant to the Principal Agreement, AASI is required to deduct union wage assessments ("union dues") from its covered employees' paychecks and remit payment of those union dues to the Pension Fund, as the collection agent for the Union.

18. Article Six, Section 6.03 of the Pension Fund's Trust Agreement states as in pertinent part:

> The Trustees, or their agents, shall have the right to examine and audit the accounting books and records, and supporting documents of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

(A copy of the Pension Fund Trust Agreement is attached **Exhibit 3**).

19. Section 13, Paragraph D of the Principal Agreement states in pertinent part:

> For purposes of a regular of special audit, a certified public accounting firm as designated by the Trustees who administer the Fund Disbursement Office, shall have the right at all reasonable times during the business hours to enter the premises of the Employer and to examine all records which said certified public accounting firm may deem necessary for a regular or special audit, including all books of account, general and special ledgers, including all payroll records, and Employer reports to governmental tax collecting agencies.

(**Exhibit 1**).

20. The Trust Funds sought to audit AASI pursuant to the Principal Agreement and Trust Agreement.

21. The Trust Funds' auditors, Bansley & Kiener LLP (hereinafter "the Auditors"), made repeated attempts to contact Defendant AASI regarding the obligation referenced in paragraphs 14 and 15.

22. AASI refused to cooperate with the Auditors regarding the payroll compliance audit.

23. AASI is obligated to pay whatever contribution deficiencies may be revealed by the payroll compliance audit, along with the resulting liquidated damages and interest.

24. AASI failed to timely remit contributions for August 2018. As a result, AASI owes liquidated damages totaling $6,344.04 and interest totaling $128.13.

25. AASI has failed to remit contributions and wage assessments for the week ending September 30, 2018, October 7, 2018, and October 14, 2018. As a result, AASI owes contributions totaling $28,678.39 and liquidated damages totaling $5,299.24, along with interest through the date of the judgment.

26. The Plaintiff has been required to employ the undersigned attorneys to compel AASI to comply with the payroll compliance audit, and collect the outstanding contributions, wage assessments, liquidated damages, and interest owed to the Trust Funds and Union.

27. The Plaintiff has complied with all conditions precedent in bringing this suit.

28. AASI is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A. That this Honorable Court enter an Order requiring AASI to comply with a payroll compliance audit for the period of January 1, 2012, through present;

B. That Judgment be entered in favor of Plaintiff and against Defendant AASI in an unknown amount for any and all contributions and union dues revealed in the payroll compliance audit, along with the resulting liquidated damages and interest;

C. That Judgment be entered in favor of Plaintiff and against Defendant AASI in an unknown amount for any and all audit fees associated with the payroll compliance audit pursuant to

23. AASI is obligated to pay whatever contribution deficiencies may be revealed by the payroll compliance audit, along with the resulting liquidated damages and interest.

24. AASI failed to timely remit contributions for August 2018. As a result, AASI owes liquidated damages totaling $6,344.04 and interest totaling $128.13.

25. AASI has failed to remit contributions and wage assessments for the week ending September 30, 2018, October 7, 2018, and October 14, 2018. As a result, AASI owes contributions totaling $28,678.39 and liquidated damages totaling $5,299.24, along with interest through the date of the judgment.

26. The Plaintiff has been required to employ the undersigned attorneys to compel AASI to comply with the payroll compliance audit, and collect the outstanding contributions, wage assessments, liquidated damages, and interest owed to the Trust Funds and Union.

27. The Plaintiff has complied with all conditions precedent in bringing this suit.

28. AASI is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A. That this Honorable Court enter an Order requiring AASI to comply with a payroll compliance audit for the period of January 1, 2012, through present;

B. That Judgment be entered in favor of Plaintiff and against Defendant AASI in an unknown amount for any and all contributions and union dues revealed in the payroll compliance audit, along with the resulting liquidated damages and interest;

C. That Judgment be entered in favor of Plaintiff and against Defendant AASI in an unknown amount for any and all audit fees associated with the payroll compliance audit pursuant to

the Principal Agreement;

D. That Judgment be entered in favor of Plaintiff and against Defendant AASI for $6,344.04 in liquidated damages for untimely August 2018 contributions;

E. That Judgment be entered in favor of Plaintiff and against Defendant AASI for $128.13 in interest for untimely August 2018 contributions;

F. That Judgment be entered in favor of Plaintiff and against Defendant AASI for $28,678.39 in contributions and wage assessments for the weeks ending September 30, 2018, October 7, 2018, and October 14, 2018;

G. That Judgment be entered in favor of Plaintiff and against Defendant AASI for $5,299.24 in liquidated damages for the weeks ending September 30, 2018, October 7, 2018, and October 14, 2018;

H. That Judgment be entered in favor of Plaintiff and against Defendant AASI for any other contributions, union dues, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraphs B through G above;

I. That Defendant AASI be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Collective Bargaining Agreement, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

J. That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendant AASI's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

**COUNT II
FAILURE TO PAY WAGES**

29. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-28 of this Complaint with the same force and effect as if fully set forth herein.

30. Rodriguez is the President of AASI.

31. AASI is an "employer" pursuant to Section 2 of the IWPACA. (820 ILCS 115/2).

32. Josh Seydel, Edward Mackowiak, Maurice Hennessey, Bob Bransky, James McCarthy, Paul Keller, Paul Sicilian, Tom Connelley, Eric Wolf-Klammer, and Jim Rose ("Iron Workers") were employed by AASI during the week ending October 14, 2018.

33. The Iron Workers are "employees" pursuant to Section 2 of the IWPACA. (820 ILCS 115/2).

34. AASI knowingly failed to pay regular and overtime wages due to the Iron Workers for the week ending October 14, 2018.

35. The Iron Workers assigned their wage claims against AASI to the Pension Fund after the Pension Fund used monies on deposit from AASI to pay the wages to the Iron Workers.

36. Pursuant Section 11, Paragraph A of the Principal Agreement, AASI was required to pay the Iron Workers for the work week ending October 14, 2018, on October 14, 2018.

37. Pursuant Section 3 of the IWPACA, "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." (820 ILCS 115/3).

38. The Plaintiff has been required to employ the undersigned attorneys to compel AASI to collect the unpaid wages owed to the Iron Workers.

39. The Plaintiff has complied with all conditions precedent in bringing this suit.

40. Pursuant to Section 13 of the IWPACA, "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act [820 ILCS 115/1 *et seq*.] shall be deemed to be employers of the employees of the corporation." (820 ILCS 115/13).

41. Pursuant to Section 14(a) of the IWPACA, the Iron Workers are entitled to recover 2% of the amount of amount of underpaid wages for each month the underpayments remain unpaid. (820 ILCS 115/14(a)).

42. Pursuant to Section 14(a) of the IWPACA, the Iron Workers shall be entitled to all costs and reasonable attorney's fees associated with maintaining this suit. (820 ILCS 115/14(a)).

**WHEREFORE**, Plaintiff respectfully requests:

A. That Judgment be entered in favor of Plaintiff and against Defendants AASI and Rodriguez, jointly and severally, for $6,383.90 in unpaid wages owed to the Iron Workers;

B. That Judgment be entered in favor of Plaintiff and against Defendants AASI and Rodriguez, jointly and severally, in an unknown amount equal to two percent (2%) of the unpaid wages for each month the wages remain unpaid;

C. That Judgment be entered in favor of Plaintiff and against Defendants AASI and Rodriguez, jointly and severally, for any other unpaid wages found to be due and owing in addition to the amounts referenced in paragraphs A and B above; and

D. That Defendants AASI and Rodriguez, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Section 14 of the IWPACA.

Respectfully Submitted,

**STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND**

William M. Blumthal, Jr. – 6281041
One of Plaintiff's Attorneys

William M. Blumthal, Jr.
JOHNSON & KROL, LLC

311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5477
blumthal@johnsonkrol.com