**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, </br></br> Plaintiff, </br></br> vs. </br></br> ALL AMERICAN STEEL, INC., an Illinois Corporation; and CLEOFAS J. RODRIGUEZ, an individual, </br></br> Defendants. | CASE NO.: 18-CV-7742 </br></br> JUDGE: </br> CHARLES R. NORGLE |

**MOTION FOR JUDGMENT IN SUM CERTAIN AS TO
<u>ALL AMERICAN STEEL, INC. AND CLEOFAS J. RODRIGUEZ</u>**

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND ("Pension Fund"), by and through its attorneys, JOHNSON & KROL, LLC, and move this Honorable Court for entry of Judgment in Sum Certain against Defendants ALL AMERICAN STEEL, INC. ("AASI") and CLEOFAS J. RODRIGUEZ ("Rodriguez"), and in support state as follows:

1. On November 20, 2018, the Plaintiff filed its Complaint against AASI and Rodriguez in the above captioned matter. (Docket No. 1).

2. On February 18, 2019, the Plaintiff filed a Motion for Default Judgment based on the failure of Defendants AASI and Rodriguez to file an Answer or responsive pleading. (Docket No. 12).

3. On February 21, 2019, the Court granted the Plaintiff's Motion for Default Judgment and entered a Default Judgment Order that entered Judgment in favor of the Pension Fund and against AASI in the aggregate amount of $21,517.25 and against Rodriguez in the aggregate amount of $11,531.73. (Docket No. 15); (A copy of the Default Judgment Order

is attached as **Exhibit 1**).

4. In addition, the Default Judgment Order ordered AASI to produce specific records to facilitate the completion of a payroll compliance audit. (Docket No. 15); (**Exhibit 1**).

5. The Default Judgment Order also stated that "Plaintiff is granted leave to file a Motion for Judgment in Sum Certain for any additional contributions, liquidated damages, interest, and/or union dues discovered to be due and owing after the completion of the payroll compliance audit, as well as any audit fees as permitted by the CBA and Trust Agreements, and any additional attorneys' fees and costs that are incurred." (Docket No. 15); (**Exhibit 1**).

6. Thereafter, the Plaintiff sought records directly from AASI, but eventually was forced to move the Court requesting an order compelling AASI's accountant to produce the records necessary to complete a payroll compliance audit. (Docket No. 22).

7. On May 17, 2019, this Court granted the Plaintiff's Motion and ordered AASI's accountant to produce the records necessary to complete a payroll compliance audit. (Docket No. 25).

8. AASI's accountants immediately complied with the Court's Order.

9. Based on the records produced by AASI's accountants, the Plaintiff was able to complete a payroll compliance audit of AASI for the period of June 1, 2015, through May 31, 2019.

10. The audit revealed that from June 1, 2015, through May 31, 2019, AASI failed to remit contributions and dues totaling $60,662.08 to the Pension Fund and affiliated trust funds for which the Pension Fund serves as the collection agent. (Certification of John Gardiner is attached as **Exhibit 2**).

11. Based on the unpaid contributions, liquidated damages totaling $12,132.42 and interest totaling $14,327.19 are owed to the Pension Fund and affiliated trust funds for which the

Pension Fund serves as the collection agent for the period June 1, 2015, through May 31, 2019. (**Exhibit 2**).

12. The audit fees in this matter total $1,588.45. (**Exhibit 2**).

13. The Pension Fund previously obtained a $15,000.00 cash deposit on account of AASI, which has been credited against the amounts owed by Defendants. (**Exhibit 2**).

14. AASI is a dissolved corporation and Rodriguez continued to operate it as a sole proprietor following its dissolution. Accordingly, Rodriguez is liable for the debts of AASI.

15. In addition to the $11,404.05 in attorney's fees and court costs previously awarded to the Plaintiff in the Default Judgment Order, Plaintiff has expended $8,560.17 in attorney's fees and court costs during the period of February 22, 2019, through present. (Affidavit of Attorney's Fees attached as **Exhibit 3**).

16. A proposed order has been submitted for the Court's review. This proposed order encompasses all of the previously entered damages and is meant to supersede the prior Default Judgment Order.

**WHEREFORE**, Plaintiff respectfully requests that:

A. That Final Judgment be entered in favor of the Pension Fund and against AASI and Rodriguez, jointly and severally, in the aggregate amount of $103,787.56, itemized as follows:

  1. $9,985.52 in unpaid liquidated damages and interest for the months of August and October 2018;

  2. $127.68 in interest on unpaid wages for the month between October 14, 2018, and November 21, 2018;

3.  $60,662.08 in unpaid contributions for the period of June 1, 2015, through May 31, 2019;

4.  $12,132.42 in liquidated damages based on unpaid contributions revealed by the payroll compliance audit;

5.  $14,327.19 in interest based on unpaid contributions revealed by the payroll compliance audit;

6.  $1,588.45 in audit fees;

7.  $11,404.05 in reasonable attorney's fees and costs incurred during the period of September 24, 2018, through February 21, 2019;

8.  $8,560.17 in reasonable attorney's fees and costs incurred during the period of February 22, 2019, through present; and

9.  Less $15,000.00 from the cash deposit on account obtained by the Plaintiff.

B.  That Plaintiff have such other relief that this Court deems just and equitable in favor of the Pension Fund and against AASI and Rodriguez at Defendants' expense.

Respectfully Submitted,

**STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND**

William M. Blumthal, Jr. – 6281041
One of Plaintiff's Attorneys

William M. Blumthal, Jr.
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5477
blumthal@johnsonkrol.com